ROWLAND, &c.
*vs*
HANNA.

---

## Rowland and Riddle *vs* Hanna.

ERROR TO THE JEFFERSON CIRCUIT.

*Assumpsit.    Presumptive evidence.*

JUDGE MARSHALL delivered the Opinion of the Court.

CASE.

*Case 55.*

*November 1.*

The case stated.

THIS action of assumpsit was brought by Rowland and Riddle to recover from Hanna one half of the price of a wall, erected by the plaintiffs, on the line dividing their lot from his, in the city of Louisville, which wall was used by the defendant as a wall of his house, erected on his own lot, while the plaintiffs were building their house on their lot.  The Circuit Court having refused to permit the plaintiffs' witnesses to state the usage prevailing in Louisville, as to the rights and liabilities of the owners of adjoining lots, in building adjoining houses, with a common wall between them, instructed the jury, upon the evidence before them, to find for the defendant; and the propriety of these opinions of the Circuit Court is the only question presented for our consideration.

It may be assumed, upon the evidence, that the plaintiffs had determined to build their house and were going on to build it without any consultation or agreement with the defendant, who resided at Frankfort; and there is no

Where the evidence conduces, in any degree, to prove the assumpsit, it is improper to instruct

proof of any communication between the plaintiffs and the defendant, in relation to the building of their houses, at any time, except that a third person, who had an interest in the defendant's building on his lot, having informed him, by letter, that the plaintiffs were going on to build, and that if he would avail himself of their wall in building a house on his lot, he must do something towards building at once; he informed his correspondent, in answer, that if, in order to avail himself of the plaintiffs' wall, it should be necessary for him to do any thing before his arrival at Louisville in ten days, he would be obliged to him to have an interview with the plaintiffs, and to have his cellar dug and his joists put in, and concluded his letter by stating that it was not his object to do more at present than was absolutely necessary, that is, to have his cellar dug and his joists put in. This letter his correspondent showed to one of the plaintiffs, but made no contract with him; and when the defendant arrived at Louisville, the plaintiffs had built their cellar wall, and contracted for the superstructure of brick, having placed one of the walls partly on the defendant's lot, so that the division line passed through the middle of it. In this condition of things, the defendant, there being already a wall on the opposite side of his lot, contracted with the same brick mason to build the front and back walls of a house on his lot, which were, in fact, carried up at the same time with the walls contracted for by the plaintiffs, and were connected with the wall on the division line in which the joists of the defendant's building were inserted; but the defendant, in making this contract with the brick mason, explicitly stated to him, that he had nothing to do with paying for the division wall, and would not pay for it.

It seems to us, that upon this evidence the jury was authorized to infer that the plaintiffs built the wall of their house equally on the defendant's lot, in consequence of the intimation in his letter that he desired to use said wall as the wall of a house to be built by him at some future time, and of his virtual request that he might so use it, which they might understand as a permission that they should build the wall in part *upon his lot*, and with a view to its use as aforesaid by the defendant—that the defen-

dant, shortly after the commencement of the wall, and when it had only been raised above the surface, knew and consented to its being built equally on his lot, as a division wall between the plaintiffs' house and his, to be used by him as such—that he did immediately proceed to use the said will as a division wall and as a wall of his house, by building up to it and having his joists inserted in it, and that to the extent that it stood upon his lot, it was in fact his wall, erected for his use, and actually used by him as a wall of his house, built simultaneously with this wall and with the residue of the house of the plain.. tiffs; and it seems to us that from all these facts, a request to build the wall as it was built, on the defendant's ground, and a consequent liability and promise to contribute one half to the expense of the erection, might be implied. And although other facts, leading to different consequences, and repelling the defendant's liability, might also be, and perhaps would have been, deduced from the evidence, yet if, as we suppose to be the case, the jury might, by rational deduction from the evidence, have found such facts as would establish the defendant's liability; it was their province to decide upon the facts and the inferences which they authorized, and the Court erred in withdrawing this decision from them as it did, by its peremptory instruction.

We are also of opinion, that a usage in the city of Louisville to the effect, that when persons owning adjoining lots, build simultaneously adjoining houses, having a common wall, built equally on each lot, each of the builders is held bound to contribute to the cost of the common wall, would, if known to the parties, tend to prove that the plaintiffs looked to a contribution by the defendant when they placed the wall partly on his lot, and that the defendant understood that such contribution was expected when he consented to the wall's being so built, and proceeded to build his house simultaneously, using said wall as one of its walls. Evidence of such a usage would, therefore, be admissible in this case, provided that the usage were shown to be uniform and of sufficient continuance, that is not momentary only—and

*Margin: Rowland, &c. vs Hanna.*

*Margin: It is competent to prove a custom in a city, for those who avail themselves of adjoining walls in building, to pay for half such partition wall, not to show an obligation to pay for such wall, but as conducing to prove their assumpsit to do so.*

that from its notoriety or other circumstances, a knowl-
edge of it were brought home to the defendant.

For the error of instructing the jury to find for the de-
fendant, the judgment is reversed and the cause remand-
ed for a new trial, on principles consistent with this
opinion.

*Pirtle* for plaintiffs; *Guthrie* for defendant.